IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN WILLIAM HURST | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv332 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION

Petitioner John William Hurst, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Procedural History

On March 20, 1997, following a trial by jury in the 260th Judicial District Court for Orange County, Texas, petitioner was convicted of aggravated kidnapping. Petitioner was sentenced to a term of life imprisonment.

Petitioner appealed his conviction and sentence to the Ninth District Court of Appeals. On December 9, 1998, the judgment of the trial court was affirmed. Petitioner did not file an application for petition for discretionary review.

On March 24, 2006, petitioner filed a state application for writ of habeas corpus pursuant to Tex. Code Crim. Proc. art. 11.07. The application was denied by the Texas Court of Criminal Appeals without written order on May 17, 2006.

Petitioner filed this petition on June 14, 2006.

## The Response

The respondent was ordered to show cause why relief should not be granted. In response, the respondent filed a motion to dismiss as time-barred (docket entry no. 16). The respondent asserts that petitioner's claims are barred by the applicable one year statute of limitations.

## Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended 28 U.S.C. § 2244 by imposing a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. 28 U.S.C. § 2244(d)(1), as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The Ninth Court of Appeals affirmed the trial court's judgment on December 9, 1998. Petitioner did not file a petition for discretionary review. Thus, petitioner's conviction became final on January 8, 1999. *See* Tex. R. App. P. 68.2(a) (conviction becomes final when the time for filing a PDR expires). Accordingly, the limitations period expired on January 8, 2000, absent any tolling.

More than six years lapsed between the time petitioner's conviction became final and the date he filed his state petition on March 24, 2006. Therefore, petitioner's state application does not serve to toll the statute of limitations.

The record does not reflect that any unconstitutional state action impeded petitioner from filing his federal habeas petition prior to the end of the limitations period. Further, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

Petitioner has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final. Petitioner complains that trial counsel refused to move for DNA testing. Petitioner claims he obtained DNA results on March 5, 2005, indicating that the blood

samples taken from his car were determined not to be the blood of the victim.[1] However, the factual predicate of the claim presented in this petition could have been discovered at the time of trial through the exercise of due diligence. Further, petitioner waited more than one year before filing his state application for writ of habeas corpus raising this ground. As a result, the petition for writ of habeas corpus is barred by the applicable period of limitations.[2] The petition should therefore be dismissed.

## Conclusion

For the reasons set forth above, this petition for writ of habeas corpus will be dismissed as barred by the applicable statute of limitations. Accordingly, it is

**ORDERED** that the respondent's motion to dismiss as time-barred is **GRANTED**. A Final Judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **25** day of **February, 2008.**

Thad Heartfield
United States District Judge

---

[1] Petitioner claims he received the results on March 5, 2004. However, the letter from the Texas Department of Public Safety Crime Laboratory is dated March 2, 2005. Thus, for the purposes of this report, the undersigned assumes petitioner actually meant to assert he received the results on March 5, 2005, instead of March 5, 2004.

[2] The court notes the petition is absent any allegations that exceptional circumstances existed such as to potentially warrant the application of equitable tolling.